BENJAMIN F. SHANKLAND *et al.*

*v.*

GEORGE W. SHANKLAND *et al.*

*Filed at Ottawa January 25, 1886.*

1. DECREE—*binding until reversed or impeached.* A decree of the circuit court for the specific performance of a contract of sale, finding the land sold and directing its conveyance, in a case where the court has jurisdiction, so long as the same remains unreversed and not impeached or set aside, is binding and conclusive upon the parties to the suit, and its effect may be invoked by the parties to it and their privies in estate.

2. MISTAKE—*reforming master's deed made in pursuance of decree.* Where the master in chancery makes a conveyance in pursuance of a decree for the specific performance of a contract, settling the rights of the parties, the defendants in such decree can not, on bill filed for partition, have the master's deed corrected for a mistake in the quantity of land conveyed, on cross-bill, which does not seek also to reform the original decree in regard to the same mistake.

3. ALLEGATIONS AND DECREE—*must correspond.* A defendant in chancery can not, on cross-bill, have relief decreed him which is not in accordance with the frame and prayer of his bill.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. GEORGE B. JOINER, for the appellants.

Mr. B. F. SHANKLAND, and Messrs. KAY & EUANS, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is an appeal from a decree of the circuit court of Iroquois county, sustaining a demurrer to and dismissing the cross-bill of appellants, filed in said court in a partition proceeding wherein appellees were complainants and appellants and others were defendants.

The facts may be summarily stated as follows: Appellees, heirs of Kendall Shankland, deceased, filed their bill for partition against the heirs of Julius C. Rose, appellant, and others, for the partition of the lands, among which was the north half and the north half of the south half of lot 2, of the north-west quarter of section 31, town 25 north, range 13 west, and stating that said Rose heirs claimed some interest in said north half of the south quarter of lot 2, and alleging that said Kendall Shankland obtained title thereto from Sylvester M. Rose, who derived title from and through A. L. Whitehall, master in chancery, by virtue of a decree of the circuit court of Iroquois county, in a proceeding wherein said Sylvester M. was complainant and the heirs of said Julius C. Rose were defendants, for specific performance. The Rose heirs appeared and answered the bill of said Shankland heirs, and also filed their cross-bill against said Shankland heirs, alleging that they are the heirs of said Julius C. Rose; that he departed this life February, 1877; that said Julius C., in his lifetime, being the owner of section 31, sold to said Sylvester M. said north half and twenty acres in the north end of the north half of the south half of lot 2; that at the time of said sale only twenty acres in said north half of the south half of lot 2 was measured off and delivered to said Sylvester M., said Julius C. and said heirs retaining possession of the overplus; that no deed was made by said Julius C. to said Sylvester M.; that in February, 1881, said Julius C. having departed this life, said Sylvester M. filed his bill in chancery against the other heirs of said Julius C. for the specific per-

formance of said contract of sale, and for the conveyance of the north half of the south half of lot 2, as also the north half of lot 2, and obtained a decree of said court for the conveyance thereof, and A. L. Whitehall, master in chancery, was appointed to convey, who, in pursuance of said decree, conveyed said north half and north half of the south half of lot 2 to said Sylvester M. It is further stated that said Sylvester M. afterwards sold to Kendall Shankland said north half of lot 2, and twenty acres of the north half of the south half of lot 2, so measured off to him, and in the deed, by mistake, conveyed the whole of the north half of the south half of lot 2 to him, when he had only sold him the twenty acres, and showed the south line thereof to him, and he only bought and paid for twenty acres therein, at the rate of \$40 per acre; that said north half of the south half of lot 2 really contains $30\frac{94}{100}$ acres, when, at the time of the contract between said Julius C. and Sylvester M., and between said Sylvester M. and said Kendall Shankland, it was supposed to contain only twenty acres, and they did not discover their mistake in the quantity until within two months of the filing of their answers and cross-bill. Prayer that complainants be decreed to be owners in fee of the $10\frac{94}{100}$ acres on the south side of said north half of the south half of said lot 2, and for conveyance of the same to them. To this cross-bill a demurrer was interposed, which was sustained by the court, and the cross-bill dismissed. The case is brought here by complainants in the cross-bill, by appeal, and this ruling of the court assigned for error.

It is apparent that the decree of the circuit court of Iroquois county, in the chancery proceeding of Sylvester M. Rose against the heirs of Julius C. Rose, deceased, remains unreversed and in nowise vacated or set aside. The cross-bill does not seek, either by apt averments in the charging part of the bill, or in the prayer, to modify, vacate or reform that decree, but proceeds upon the basis that it was supposed, at the time of the purchase from Julius C. by Sylvester M.,

and during all the successive stages until about the time of filing the cross-bill, that there was in fact only twenty acres included in the description north half of the south half of lot 2, when in fact there were $30\frac{94}{100}$ acres, and seeks to correct the mistake alleged to have been made in the conveyance by the master in chancery under that decree, without in any manner modifying or reforming the decree under which it was made. This we are of opinion can not be done. The bill of Sylvester M. filed against the heirs of said Julius C. Rose, sought specific performance of a contract to convey the north half of the south half of lot 2. The court had jurisdiction of the persons of appellants and of the subject matter of that suit, and by its decree found Sylvester M., under his contract, entitled to a conveyance of the north half of the south half of said lot, and ordered a conveyance thereof accordingly. The deed of the master, made in pursuance of said decree, conveyed the title of all the heirs of said Julius C. to said Sylvester M., and so long as the same remains unreversed and not impeached or set aside, is binding and conclusive upon the parties to said suit, and the effect of said decree may be invoked by the parties to it, and their privies in estate. We are of opinion, therefore, that the demurrer was properly sustained.

What may be the rights of Sylvester M. under a bill brought in his own behalf, or what relief might be granted the heirs of Julius C. Rose, deceased, upon a bill framed for and praying the correction of the decree referred to, is not before us. This cross-bill seeks neither of these ends, and the familiarity of the rule that recovery must be had, if at all, in accordance with the allegations and prayer of the bill, will preclude the necessity of citation of authorities.

The decree of the circuit court will be affirmed.

*Decree affirmed.*